## No. 58

### WATKINS v. STATE

No. 19415. Supreme Court

On motion to certify. Dock. Nov. 13, 1925; 3 Abs. 722.

941. PRACTICE & PROCEDURE—May city solicitor prosecute error to higher court where there has been judgment adverse to state in lower court, overruling trial court?

James Watkins was found guilty of violating the Crabbe Act by the Youngstown Munici-

pal Court on Dec. 30, 1924. On Jan. 12, 1925, a motion for leave to file petition in error was filed in the Mahoning Common Pleas by Watkins; and entry of appearance was made by the state on a separate copy of the petition in error.

Upon hearing in the Common Pleas, the judgment of the Municipal Court was reversed and awarded in favor of Watkins. Error was prosecuted by the City Solicitor of Youngstown, to the Court of Appeals, and judgment of the Common Pleas was reversed.

The questions presented in the Supreme Court are:

1. Was the city solicitor authorized to prosecute error proceedings to the Court of Appeals?

2. Did the Court of Appeals have jurisdiction to render the judgment of reversal on Oct. 30, 1925?

3. Did the Common Pleas have jurisdiction of this cause of action?

It is contended that the city solicitor was not authorized to prosecute error proceedings from the decision in the Common Pleas for the reason that 13264 GC. provides that whenever a court, superior to the trial court, renders judgment adverse to the state in a criminal case or proceeding, error may be prosecuted to reverse, such judgment in the next higher court by either the prosecuting attorney or attorney general.

It is also claimed that the error proceedings filed in the Court of Appeals were prematurely brought since the Common Pleas had rendered its judgment May 13, 1925, but had rendered another on Oct. 27, 1925. It is claimed that there was no suggestion that the judgment entry of Oct. 27, 1925, was a nunc pro tunc entry and that it therefore took effect from the date it was filed. "The court speaks through its journals and a judgment is not entered until it is reduced to a journal entry."

Attorneys—D. F. Rendinell, Youngstown, for Watkins; C. C. Crabbe, Columbus, for State.